ANTHONY J. CAFIERO, RELATOR, v. PETER L. PETERSON, RESPONDENT.

Argued October 7, 1926—Decided January 25, 1927.

The Charter act for cities of less than twelve thousand inhabitants (*Pamph. L.* 1899, *p.* 96; *Comp. Stat., p.* 1336) provides that council shall appoint a city treasurer for a term of three years, and that in case of a vacancy from various specified causes, "or from any other cause," such vacancy shall be filled by the common council for the unexpired term. *Held,* following *Salter* v. *Burk,* 83 *N. J. L.* 152, that any attempted appointment for a greater or less term than that provided by law was nugatory and conferred no title to the office.

---

On *quo warranto.* On demurrer to plea.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Clarence L. Cole.*

For the respondent, *Lewis T. Stevens.*

The opinion of the court was delivered by

PARKER, J.   The controversy is over the office of city treasurer of the city of North Wildwood.   That municipality is organized under the Charter act of 1899 (*Pamph. L., p. 96; Comp. Stat., p.* 1337), section 7 of which act provides, among other things, that "at the annual meeting of the common council a city treasurer shall be appointed by the said common council, who shall hold office for a term of three years."   It is pertinent to note also at this point that by section 9, as amended in 1901 (*Pamph. L., p.* 136; *Comp. Stat., pp.* 1337, 1338), it is further provided "that in case of a vacancy by death, resignation  *  *  *  in any appointive city office, such vacancy shall be filled by the common council for the unexpired term, and until the appointment and qualification of a successor  *  *  *."

The facts show that for the most part the council undertook to appoint a city treasurer annually, without reference to a three-year term; but an important exception occurred at the organization meeting on January 1st, 1918, which begins the chronology relevant to this case.   At that meeting the council appointed respondent, Peterson, as treasurer for the year 1918.   This is the averment in the information; the language of the resolution on the minutes, cited but not quoted in the plea, is not laid before us, but the plea, while stating the appointment, does not deny the limitation to one year, and we, therefore, take that as true.   In that posture of affairs, the rule laid down in *Salter* v. *Burk,* 83 *N. J. L.* 152, and reiterated in *Niccolini* v. *Ubertino,* 96 *Id.* 306, 308, applies, and compels the conclusion that the appointment of January 1st (or 2d) of 1918, was nugatory *in toto.*

Respondent, Peterson, served as treasurer (*de facto* as we conclude) for 1918, and on January 1st, 1919, the council reappointed him without undertaking to fix a term.   That appointment was good; the term was fixed by the statute, and he held *de jure* for the years 1919, 1920 and 1921.   On January 1st, 1920, and on January 1st, 1921, council undertook to reappoint him, but that action was simply void and need not be considered further.   On January 2d, 1922 (Mon-

day), council again appointed him, without defining a term, and that appointment was good for a term comprising 1922, 1923 and 1924, the reappointments of January 1st, 1923, and January 1st, 1924, being likewise nugatory.

On January 15th, 1924, Peterson resigned, and this brought into action section 9 relating to unexpired terms. Council appointed Peterson's wife "during the will and pleasure of common council." On the authority of *Salter* v. *Burk, supra,* this appointment also was nugatory; but that is immaterial, perhaps, for on March 15th, 1924, council, by resolution, vacated that appointment and undertook to appoint respondent, Peterson, again for the term ending December 31st, 1927. This was one more invalid act, as there was an attempt to exceed the statutory term. *Florey* v. *Lanning,* 90 *N. J. L.* 12. Hence, Peterson acquired no title to the office *de jure.* He served *de facto* until January 1st, 1926, when the council undertook to appoint relator, Cafiero, for a term of three years. The situation then was that Peterson had been legally appointed January 2d, 1922, for a three-year term, which had expired December 31st, 1924; that there had been no new appointment January 1st, 1925, but Peterson held over *de facto;* and from January 1st, 1925, there had been a vacancy *de jure.* We are therefore confronted with the question whether in contemplation of law a new term began to run on January 1st, 1925, and whether in consequence the appointment of Cafiero on January 1st, 1926, should have been for the unexpired portion of that term. Such seems to be the intendment of the statute, section 9, which says "that in case of a vacancy by death, resignation, disability, disqualification, removal from office, neglect or refusal to act, removal out of the city or ward, *or from any other cause,* in any appointive city or ward office, such vacancy shall be filled by the common council by appointment for the unexpired term, and until the appointment and qualification of a successor." Apparently, the legislature intended that after a series of three-year terms had been set running by the original appointment in 1918 upon organization, there should be no break in the succession from whatever cause.

Taking this view of the matter, it follows that as the term for which Cafiero could lawfully have been appointed would run out on December 31st, 1927, the attempted appointment for three years on January 1st, 1926, gave him no title to the office, in view of the authorities already cited.

This results in a judgment for the respondent on the demurrer.