JOHN M. DE MOL, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF CLIFTON ET AL., RESPONDENTS.

Submitted May 10, 1928—Decided June 22, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Rosenkrans & Rosenkrans.*

For the respondents, *Frederick S. Ranzenhofer.*

PER CURIAM.

This writ brings up for review the appointment of Garrett H. DeVies, as sealer of weights and measures, by the mayor of the city of Clifton, on January 2d, 1928, and the resolution of the city council confirming such appointment.

The question as to whether *certiorari* or *quo warranto* is the proper proceeding seems not to be raised.

On December 9th, 1925, an ordinance was adopted creating the office in question and fixing the term of the first

appointee, who was the prosecutor, as extending to and expiring on December 31st, 1927, and fixing the term thereafter at two years. This ordinance took effect January 1st, 1926, when the prosecutor was appointed and qualified and undertook and did perform the duties of such office.

This ordinance was, undoubtedly, adopted under the authority of "An act to establish a uniform standard of weights and measures in this state, to establish a department of weights and measures, and to provide penalties for the use of other than standard or legal weights and measures." *Pamph. L.* 1911, *ch.* 201, *p.* 414.

This act seems to fix no term for municipal superintendents although respondent asserts that it fixes the term at five years. As a matter of fact such term fixed by the statute applies only to the state superintendent.

However, the supplement to the original act (*Pamph. L.* 1912, *ch.* 119, *p.* 168) fixes the terms of county and municipal superintendents for the period "during good behavior * * *." This was amended (*Pamph. L.* 1920, *ch.* 210, *p.* 406) so as to include "the secretaries and assistant superintendents."

It appears certain, therefore, that at the time of the adoption of the ordinance of the city of Clifton the term fixed by statute was "during good behavior," and the fixing of any other term was beyond the power and authority of the city.

It seems to us, therefore, that the prosecutor cannot successfuly contend that the action of the respondents in appointing DeVies was improper, for either one or both of two reasons—

1. Because the attempt to appoint prosecutor for a fixed term until December 31st, 1927, was a nullity, in that it was an attempt to appoint him for a lesser or greater term than that fixed by statute, and comes under the rule in *Salter* v. *Burke,* 83 *N. J. L.* 152; *Nicolini* v. *Ubertino,* 96 *Id.* 306, and *Cafiero* v. *Peterson,* 135 *Atl. Rep.* 783.

2. Or considering that the statutory provision "during good behavior" is not a fixed and definite term, then prosecutor, under the ordinance, took for a fixed term, and such act of taking and accepting amounted to a contract with the

city within the rule laid down in *Hardy* v. *Orange,* 61 *N. J. L.* 620; *Biddel* v. *Atlantic City,* 91 *Id.* 679.

The prosecutor contends that the language of his appointment "for the term prescribed by law" means and must be construed as meaning the term, during good behavior, fixed by the statutes of 1912 and 1920, *supra,* but such appointment taking place immediately upon the ordinance in question becoming effective, fixing the term as ending December 21st, 1927, leaves this contention without merit.

The proceedings under review are affirmed and the writ of *certiorari* is dismissed, with costs.