ALEXANDER MARKOWSKI, PLAINTIFF, v. PUBLIC SERV-
ICE RAILWAY COMPANY, A CORPORATION, DEFEND-
ANT.

Submitted May 11, 1928—Decided November 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff, *Heine, Bradner & Laird.*

For the defendant, *Henry H. Fryling.*

PER CURIAM.

This is a second trial of this case. See 135 *Atl. Rep.* 783;
5 *N. J. Mis. R.* 182. The plaintiff was a helper on a truck
loaded with empty five-gallon cans, and which was moving
westward on Paterson Plank road between Jersey City and
Paterson on or near the Hackensack meadows. There is a
single trolley track on the north side of the road and an-
other on the south side, the road for ordinary vehicles being
in the middle. It does not show that the trolley line operated
by the defendant owns its right of way, and apparently the
space devoted to the track is simply a part of the highway
between the side lines assigned to trolley tracks and for
economy left unpaved as in other cases. As the truck was
progressing, something went wrong with the load of cans
which, according to the testimony, was sagging over to the

right or towards the trolley track, and the driver of the truck prepared to stop for the purpose of having the difficulty remedied. The plaintiff was sitting on his right on the front seat; he put out the mechanical arm indicating caution to anything coming up behind, the truck pulled over a little to its right, but not on the track, and stopped, whereupon the plaintiff got out on the right-hand side for the purpose of attending to the shifted load. His testimony is that before getting down he looked back and saw nothing within thirty feet, and thereupon stepped down and immediately saw the car coming, tried to escape, but, to use his phrase, "was rolled" between the car and the truck. The evidence indicates that while the car did not hit the truck itself, it caught part of the load that was sagging, and that this collision, now using the language of the motorman, "coiled" the window screen on the left side of the car, smashed some cans, tore off the canvas cover and carried away several hooks. The car crowded past the truck until it overlapped considerably in front of it.

While the present suit is not for damages to the truck but for personal injuries to the plaintiff, the above evidence has been epitomized for the purpose of indicating the situation with respect to the negligence of the motorman touching the truck which, in our estimation, the jury might fairly say betokened negligence toward the plaintiff. The motorman knew or should have known that this truck was in front of him and so close as to make it dangerous to undertake to pass; that the mechanical arm was out and that the truck was at a stand still. Such a situation ordinarily prompts a motorman to slow down the car almost to a stand still and pass the standing truck with the greatest caution to avoid collision of any kind. This is a matter of common knowledge to anyone riding on a trolley car. In such a situation, furthermore, it is not unreasonable to say that the motorman should anticipate that someone would be getting off the truck and on the side away from the ordinary traffic of the road and not where he was liable to be struck by other automobiles going in either direction. We conclude, therefore, that as respects

the operator of the trolley car, a fair case of negligence was presented.

With respect to the contributory negligence of the plaintiff, the case is more difficult. It is a general principle, of course, that contributory negligence is a defense and must be proved by way of evidence. The question seems to be whether the plaintiff should have made absolutely sure that nothing was coming, or, when he testified that he looked back, whether that testimony was true in view of the fact that he admitted on the first trial that he did not look back. The jury had the whole situation before them, and, for the second time, found in favor of the plaintiff; so that while, if this were the first trial, we might be disposed to set aside the verdict, on well settled principles we feel that a second concurring verdict should not be set aside.

Counsel for defendant challenges a portion of the charge which was not excepted to on the trial, and which it is claimed was erroneous. It is pointed out, however, on the other side that this is substantially taken from our decision in *Camden and Atlantic Railway Co.* v. *Preston,* 59 *N. J. L.* 267, and we think that it was not error to charge under the circumstances as the court did charge.

The rule to show cause will be discharged.